Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 West Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff
and the putative classes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN DEMPSEY, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br><br>2) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018;<br><br>3) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and<br><br>4) Injunctive Relief.<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff BRIAN DEMPSEY ("Plaintiff"), on behalf of himself and all other similarly situated and typical persons, and alleges the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2. This Court has original jurisdiction over the state law claims alleged herein pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because (i) the aggregate amount in controversy for the state law class claims exceeds $5,000,000, (ii) there are more than 100 state law class members, and (iii) at least one state law class member is diverse from Defendant.

3. This Court also has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence (*i.e.*, the failure to properly pay all wages due and owing for compensable work performed yet unpaid) and there is no conflict between the procedures applicable to the FLSA and state law claims. *See Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528-30 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims." (reversed on other grounds)).

4. A party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Revised Statute ("NRS") Chapter 608. *See Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.,* 133 Nev. 777, 783, 406 P.3d 499, 504 (2017) (recognizing that "The Legislature enacted NRS 608.140 to protect employees, and the legislative scheme is consistent with private causes of action for unpaid wages under NRS Chapter 608."); *HG Staffing, LLC v. Second Judicial District Court in and for County of Washoe*, 2020 WL 2306318, at *1 (May 7, 2020) ("In *Neville v. Eighth Judicial District Court*, 133 Nev. 777, 406 P.3d 499 (2017), we held, by

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

necessary implication, that exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court.").

5. Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Douglas County, Nevada, which is located within this district.

## PARTIES

6. Plaintiff BRIAN DEMPSEY is a natural person and a current resident of the state of Nevada who has been employed by Defendant from on or about December 31, 1996, to the present.

7. Defendant SMITH'S FOOD & DRUG CENTERS, INC. ("SMITH'S" or "Defendant") is a foreign corporation that is domiciled in the state of Ohio and incorporated in the state of Delaware. Defendant maintains Corporate Service Company as its registered agent in the state of Nevada, found at 112 North Curry Street, Carson City, Nevada 89703.

8. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "SMITH'S" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

9. SMITH'S owns and operates 141 grocery stores in seven (7) western states (Arizona, Idaho, Montana, New Mexico, Nevada, Utah, and Wyoming). *See* https://www.smithsfoodanddrug.com/stores/grocery (last visited June 7, 2024).

10. Plaintiff has been employed by SMITH'S since on or about December 31, 1996, to the present and has worked in various capacities. He is currently an Assistant Store Manager ("ASM") and all the allegations and claims asserted herein relate to his tenure as an ASM.

11. Plaintiff currently works as an ASM at the SMITH'S located at 1341 U.S. Hwy 395 N, Gardnerville, NV 89410. He has worked as an ASM at the Gardnerville location from on

or about mid-2022 to the present. Plaintiff has worked as an ASM at other locations besides Gardnerville on a fill-in basis.

12. Plaintiff is one of two (2) ASMs assigned to the Gardnerville location. Upon information and belief, SMITH'S regularly staffs at least two (2) ASMs per store location.

13. As with all other ASMs employed by SMITH'S, Plaintiff is classified as an overtime exempt employee. He is currently paid a fixed annual salary in the amount of $62,745.64, regardless of the number of hours he works in a workweek. He is never compensated overtime pay when he works over forty (40) hours in a workweek.

14. Plaintiff routinely and regularly works six (6) ten (10) hour shifts per workweek for a total of sixty (60) hours per workweek.

15. As an ASM, the vast majority of Plaintiff's time is spent doing non-exempt "clerk" work. This includes, but is not limited to performing such tasks as offloading inventory from delivery vehicles, storing inventory, stocking shelves, manning the check-out counters, assisting customers to locate grocery items, and cleaning the store. Plaintiff estimates that he spends approximately ninety (90) percent of his time doing non-exempt work. While filling in as an ASM at other SMITH'S locations, Plaintiff performed the same non-exempt duties for the same estimated amount of time at these locations as well.

16. Plaintiff also spends a small portion of his time doing so-called "administrative" work. This includes performing tasks such as completing merchandise orders and employee scheduling. Plaintiff estimates that he spends approximately ten (10) percent of his time doing administrative work.

17. A SMITH'S Store Manager (SM) is always on duty when Plaintiff is working. The SM is in charge of directing the work of ASMs and other non-exempt employees.

18. SMITH'S has misclassified Plaintiff and all other ASMs it has employed as being exempt from overtime under the FLSA. Accordingly, SMITH'S owes Plaintiff and all other ASMs overtime pay at one and one-half (1 ½) times their regular rate of compensation for all hours that they worked over forty (40) in a workweek.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

19. As stated previously, Plaintiff routinely and regularly worked 60 hours per workweek and, thus, is owed compensation at his overtime rate of pay for 20 of those hours. Plaintiff is informed and believes that other ASMs worked a similar number of hours per week and are thus owed a similar amount of overtime per workweek.

20. Plaintiff's current effective hourly rate is $30.16, which is derived by taking his annual salary and dividing it by 2,080 hours. Therefore, Plaintiff's current effective overtime rate is $45.24.

21. Plaintiff estimates that he has worked 20 hours of unpaid overtime per workweek since becoming an ASM with SMITH'S in mid-2022., Plaintiff alleges that SMITH'S owes him $904.80 in unpaid overtime per workweek, which would amount to $47,049.60 per year, and $94,099.20 since he became an ASM. Plaintiff also alleges that SMITH'S does not have a good faith defense to its failure to compensate Plaintiff for the overtime hours that he worked and is therefor entitled to recover liquidated damages in an equal amount of his unpaid overtime at a total of $94,099.20. Accordingly, Plaintiff has suffered damages and losses in the amount of $188,198.40.

22. Plaintiff is informed and believes that all other ASMs have suffered similar damages and losses. Plaintiff is informed and believes that there are approximately 282 full time equivalent ASMs (two (2) ASMs per store location) employed by SMITH'S at any given time during the relevant time period involved in this case. Accordingly, SMITH'S owes all full time equivalent ASMs approximately $79,607,923.20 in unpaid overtime and liquidated damages for the full 3-year statute of limitations covered by this action.

## **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

23. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

24. Plaintiff brings this action on behalf of himself and all other similarly situated and typical employees as both a collective action under the FLSA and a class action under Nevada state wage-hour laws.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

### FLSA Class

25. Plaintiff brings this action on behalf of himself and the following **FLSA Class** of similarly situated individuals employed by Defendant:

   A. **FLSA Class:** All Assistant Store Managers (ASMs), or other similar job title, employed by Defendant at any time during the relevant time period alleged herein.

26. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those he seeks to represent for the following reasons, among others:

   A. Defendant employed Plaintiff and all proposed similarly situated employees as salaried exempt employees who did not receive overtime pay when they worked over 40 hours in a workweek.

   B. Plaintiff's situation is similar to those he seeks to represent because Defendant failed to pay Plaintiff and all other FLSA Collective Action Members overtime when they worked over 40 hours in a workweek.

   C. Common questions exist as to whether Plaintiff and all other FLSA Collective Action Members were correctly classified as FLSA exempt employees.

   D. Upon information and belief, Defendant employs, and has employed, in excess of 282 FLSA Collective Action Members within the applicable statute of limitations.

   E. Plaintiff has signed a Consent to Sue form, attached hereto as Exhibit A.

### Nevada Classes

27. Plaintiff brings this action on behalf of himself and the following **Nevada Class and Subclass** of similarly situated individuals employed by Defendant:

   A. **Nevada Class:** All Assistant Store Managers (ASMs), or other similar job title, employed by Defendant in the state of Nevada at any time during the relevant time period alleged herein.

      1. **Continuation Wage Subclass:** All members of the Nevada Class who are former employees.

28. Class treatment is appropriate in this case for the following reasons:

    A. <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 92 Class Members within the applicable statute of limitations (There are approximately 46 SMITH'S stores in Nevada: 1 in Carson City; 1 in Dayton; 1 in Elko; 1 in Gardnerville; 6 in Henderson Nevada; 24 in Las Vegas; 1 in Mesquite; 6 in North Las Vegas; 1 in Pahrump; 2 in Reno; 1 in Sparks; 1 in West Wendover). Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of the Class as well as their numerosity.

    B. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiff and Nevada Class Members, including, without limitation, (1) Whether Defendant can demonstrate that Plaintiff and Nevada Class Members were properly classified as exempt from overtime compensation under Nevada law and (2) Whether Continuation Wage Subclass Members may recover continuation wages as a result of being deprived their overtime compensation at the time of separation from employment with Defendant.

    C. <u>Plaintiff's Claims are Typical to Those of Fellow Class Members</u>: Defendant intentionally and willfully classified Plaintiff and all Nevada Class Members as being exempt from overtime compensation. Plaintiff's claims for compensation resulting from Defendant's common employment policy are typical to those of his fellow Nevada Class Members.

    D. <u>Plaintiff is an Adequate Representative of the Class</u>: Plaintiff will fairly and adequately represent the interests of Nevada Class Members because Plaintiff is a member of the Nevada Class, he has common issues of law and fact with all members of the Nevada Class, and his claims are typical to other Nevada Class Members.

E.      <u>A Class Action is Superior/Common Claims Predominate</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy, because individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense.  Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Nevada Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and FLSA Collective Action Members Against Defendant)

29.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

30.     29 U.S.C. Section 207(a)(1) provides as follows:  "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31.     Defendant intentionally and willfully classified Plaintiff and all FLSA Collective Action Members as being exempt from overtime compensation so as to avoid paying overtime compensation to Plaintiff and FLSA Collective Action Members.

32.     Despite being classified as overtime exempt by Defendant, Plaintiff and all FLSA Collective Action Members overwhelmingly performed non-exempt job duties and therefore Defendant cannot meet its burden to satisfy an overtime exemption under the FLSA.

33. As a result of Defendant's misclassification, Plaintiff and FLSA Collective Action Members are owed overtime wages for all the hours that worked in excess of forty (40) hours in a workweek during the relevant time period alleged herein.

34. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendant pay Plaintiff and FLSA Collective Action Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a workweek during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of Nevada Statute, NRS 608.018**

(On Behalf of Plaintiff and Nevada Class Members Against Defendant)

35. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

37. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate set forth in NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

38. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate set forth in NRS 608.250 works more than 40 hours in any scheduled week of work.

39. Defendant intentionally and willfully classified Plaintiff and all Nevada Class Members as being exempt from overtime compensation under Nevada law so as to avoid paying overtime compensation to Plaintiff and Nevada Class Members.

40. Despite being classified as overtime exempt by Defendant, Plaintiff and all Nevada Class Members overwhelmingly performed non-exempt job duties and therefore Defendant cannot meet its burden to satisfy an overtime exemption under Nevada law.

41. As a result of Defendant's misclassification, Plaintiff and Nevada Class Members are owed overtime wages for all the hours they worked in excess of forty (40) hours in a workweek during the relevant time period alleged herein.

42. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendant pay Plaintiff and Nevada Class Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a workweek during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Under Nevada Statutes, NRS 608.020-.050**

(On Behalf of Plaintiff and Continuation Wage Subclass Members Against Defendant)

43. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

44. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

45. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

46. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or … [o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid for 30-days, whichever is less."

47. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

48. By failing to pay members of the Continuation Wage Subclass their overtime wages at the time of separation of employment with Defendant, Defendant has failed to timely remit all wages due and owing to members of the Continuation Wage Subclass.

49. Despite demand, Defendant willfully refuses and continues to refuse to pay all members of the Continuation Wage Subclass.

50. Wherefore, Plaintiff demands 30 days wages under NRS 608.140 and 608.040, and an additional 30 days' wages under NRS 608.140 and 608.050, for all members of the Nevada Continuation Wage Subclass, together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

### Injunctive/Declaratory Relief

(On Behalf of Plaintiff and Nevada Class Members Against Defendant)

51. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

52. Defendant has failed to compensate Plaintiff and members of the Nevada Class overtime wages for all the overtime hours that they worked pursuant to NRS 608.018 due to its intentional and willful misclassification of Plaintiff and Nevada Class Members as exempt from overtime.

53. Plaintiff and the Nevada Class will suffer irreparable injury if Defendant is not enjoined from its intentional and willful misclassification of Plaintiff and Nevada Class Members as exempt from overtime.

54. As a result of the aforementioned unlawful payment practices, Plaintiff submits that there has been a likelihood of success on the merits that Plaintiff and the Nevada Class Members have been damaged, that there is irreparable harm, and Plaintiff requests that this Honorable Court

enter an Order that restrains Defendant from attempting to enforce the alleged unlawful payment practices.

55. Plaintiff requests that this Honorable Court enter a declaration of rights/obligations in regard to all such unlawful payment practices in this matter.

56. Further, disputes and controversies have arisen between the parties relative to the lawfulness of the payment practices, and Plaintiff is entitled to have an order entered pursuant to Chapter 30 of the Nevada Revised Statutes construing the payment practices and adjudging and declaring Plaintiff and the Nevada Class Members' rights and remedies thereunder including such an Order stating that such payment practices are unlawful.

57. Plaintiff has been required to retain the services of an attorney and is entitled to a reasonable award of attorneys' fees and costs.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore Plaintiff, individually and on behalf of all Class Members and all others similarly situated, prays for relief as follows relating to his collective and class action allegations:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Collective Action Members so they may participate in the lawsuit;
2. For an order certifying this action as a class action on behalf of the proposed Class and Subclass;
3. For an order appointing Plaintiff as the Representative of the FLSA Collective Action, Nevada Class, and Continuation Wage Subclass, and his counsel as Class Counsel;
4. For damages according to proof for overtime compensation for all overtime hours worked under both federal and state law;
5. For liquidated damages;
6. For 60-days of continuation wages;

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

1. 7. For interest as provided by law at the maximum legal rate;
2. 8. For reasonable attorneys' fees authorized by statute;
3. 9. For costs of suit incurred herein;
4. 10. For pre-judgment and post-judgment interest, as provided by law;
5. 11. For injunctive relief; and
6. 12. For such other and further relief as the Court may deem just and proper.

DATED: June 25, 2024                    THIERMAN BUCK

*/s/Joshua D. Buck*
Joshua D. Buck
Leah L. Jones

*Attorneys for Plaintiff*

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com