UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN DEMPSEY, on behalf of himself and all other similarly situated individuals,<br><br>  Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. 3:24-cv-00269-ART-CSD<br><br>ORDER REGARDING PROPOSED NOTICE |

On January 28, 2025, the Court granted in part Plaintiff's motion for circulation of notice, as to the potential in-state opt-in FLSA plaintiffs. (ECF No. 37.) The Court ordered the parties to file a stipulated notice within thirty days of the order, or, in the event the parties could not reach an agreement, to each file a proposed notice. (*Id.*) The parties cannot agree on language for the proposed notice, and each party has filed their own version of the proposed notice and accompanying briefing. (ECF Nos. 40, 41.) The for the reasons set forth below, the Court approves the language in Plaintiff's proposed notice filed at ECF No. 41-1.

I.  **Language Regarding Costs**

It is unclear whether the parties still dispute this language; however, because the competing notices propose different language in this section, the Court assumes that there remains a dispute. (*See* ECF Nos. 40-1, 41-1.) The Court agrees with Plaintiff that several cases in this circuit have rejected including language about costs in a notice due to its potentially chilling effect on putative opt-in plaintiffs.) *See Yousif v. Venetian Casino Resort, LLC*, 2018 WL 5074679, at \*4 (D. Nev. Sept. 24, 2018) ("Plaintiffs need not include language in notice regarding litigation costs.") (citing *Carrillo v. Schneider Logistics, Inc.*, 2012

1  WL 556309, at *14 (C.D. Cal. Jan. 31, 2012), *aff'd* 501 F. App'x 713 (9th Cir.
2  2012); *Flores v. Elite Staffing Serv. LLC*, 2025 WL 1000740, at *8 (D. Ariz. 2025)
3  ("A warning that opt-in plaintiffs could be liable for Defendant's attorneys' fees
4  'would undermine the FLSA's goal of encouraging full enforcement of statutory
5  rights' and 'the potential chilling effect of defendants' proposed warning
6  outweighs the realistic likelihood that any future opt-ins would be required to
7  pay a portion of defendants' litigation costs.'") (quoting *Carrillo*, 2012 WL 556309,
8  at *14). The Court agrees with the reasoning expressed in the above cases, and
9  for that reason approves of Plaintiff's proposed language as to this issue. (ECF
10 No. 41-1 at 4, lines 17-21.)

**II.   Language Regarding *Lovendahl* Case**

*Lovendhal* is an action filed in the Southern District of Ohio and involves the same employees (Assistant Store Managers) employed by Defendant between February 28, 2019 and June 20, 2023. *See Lovendahl, et al. v. The Kroger Company and Smith's Food & Drug Centers, Inc. d/b/a Smith's Food & Drug,* Case No. 1:21-cv-00350-MRB.[1] A confidential settlement was reached in the *Lovendhal* action. (*See* ECF No 41-11 at 4, (*Lovendahl* Docket)). Defendant argues that information regarding *Lovendhal* should be included in the notice because "some employees who will receive the Proposed Notice are already represented by separate counsel in another FLSA misclassification case with overlapping claims." (ECF No. 40 at 2.) Because of the overlap in claims and settlement in *Lovendhal*, Defendant argues that "there are some putative *Dempsey* opt-ins who may not be eligible to recover to the extent their claims at issue in this litigation have previously been released." (*Id.*)

Plaintiff argues that this language should not be included in the notice because while the settlement purports to release claims, Plaintiff's counsel does

---

[1] Plaintiff filed a notice of related cases alerting the Court to this action in January 2025. (ECF No. 36.)

not have access to the terms of the settlement and thus cannot determine the exact language regarding what claims were released. Thus, the Court should reject this language because "[p]utative opt-in plaintiffs in Dempsey must be able to determine whether they wish to join the Dempsey case without the confusion of including the *Lovendahl* language." (ECF No. 41 at 7.) The Court agrees. The Court, like Plaintiff's counsel, does not have access to the language of the settlement agreement and therefore cannot determine the preclusive effect of the settlement in that action on any of the putative opt-in plaintiff's claims in this action. If there are issues of preclusion of putative opt-in plaintiff's claims in this action, Defendant has access to the settlement information and that can be determined at a later stage. However, given that Plaintiff nor the Court have access to the *Lovendhal* settlement language, it is not appropriate to include language regarding a preclusive effect of *Lovendhal* in the notice.

### III.    CONCLUSION

It is therefore ordered that the language in the proposed notice submitted by Plaintiff at ECF No. 41-1 is approved, and notice may be provided as set forth in this order.

Dated this 16th day of May, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE