**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BRIAN DEMPSEY, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  3:24-cv-00269-ART-CSD |

**MOTION FOR LEAVE TO FILE**
**REDACTED VERSION OF SETTLEMENT AGREEMENT**

Smith's Food and Drug Centers, Inc. ("Smith's") moves under Local Rules IA 10-4 and IA 10-5, for an order permitting the parties to (a) file on the Court's public docket a version of the parties' settlement agreement with minimal redactions (redaction of financial terms only); and (b) submit to the Court for in camera inspection an unredacted version of the settlement agreement. Pursuant to the Order of this Court, the parties are preparing to file the proposed Settlement Agreement and Preliminary Approval Motion on August 15, 2025. (Dkt# 47). In support of this Motion, Smith's states as follows:

1.      This is a FLSA collective action and Nevada State Law Class action case in which Plaintiff Brian Dempsey and Opt-In Plaintiff Toni Quinn allege that they and other Assistant Store Managers (ASMs) employed by Smith's in Nevada were misclassified as exempt from overtime eligibility and denied overtime pay. Smith's denies that Plaintiffs or any ASMs are misclassified.

2.      In related case, *Lovendahl, et al. v. The Kroger Company and Smith's Food & Drug Centers, Inc.*, Case No. 1:21-cv-00350 (hereinafter "*Lovendahl*"), pending in the U.S. District Court for the Southern District of Ohio, the plaintiffs alleged that Smith's misclassified ASMs in a FLSA

collective action. (Dkt. # 36). In *Lovendahl,* the Court granted the parties' joint motion to file a redacted settlement agreement "with minimal redactions to confidential settlement payments, personal wage information, and declarations regarding fees and expenses." *See* Exhibit A, *Lovendahl* Order Doc. 94.

3.    In the present case, after extensive arm's length negotiations, the parties reached a settlement in May 2025, resolving the claims of all ASMs in the State of Nevada who did *not* opt-into the *Lovendahl* matter (Dkt. # 43). Since then, the parties have worked diligently to prepare a settlement agreement and motion for preliminary approval acceptable to both sides, which the parties are now prepared to file in accordance with the Court's order allowing them until August 15, 2025 to file the settlement agreement and motion for preliminary approval (Dkt. #47).

4.    Consistent with the *Lovendahl* Court's decision that similarly applies to Nevada ASMs who opted into that case, Smith's respectfully requests that this Court permit the parties to file the settlement agreement and motion for preliminary approval on the public docket with minimal redactions; namely redacting only the confidential settlement amount. The remainder of the settlement agreement with be an unredacted public record. Any Class Member requesting a copy of the settlement agreement from the Settlement Administrator will be provided an unredacted copy. Smith's will additionally submit unredacted versions of settlement agreement and motion for preliminary approval documents to chambers for *in camera* inspection by the Court.

5.    Plaintiffs neither support nor oppose this Motion. They take no position on whether the Court should grant it.

6.    Although there is precedent in this Circuit both for and against sealing FLSA settlement agreements, Smith's does <u>not</u> request sealing because a more limited approach, minimal redaction, consistent with the related case (*Lovendahl*) appropriately balances the competing interests at play.

*Compare Campbell v. Las Vegas Bistro, LLC*, No. 2:16-cv-01842-JCM-NJK, 2017 U.S. DIST LEXIS 31323 (D. Nev. Mar. 06, 2017) (Koppe, J.) (denying sealing in FLSA claim) *with Almadova v. City & County of Honolulu*, 2012 WL 3255140, at *2 n.1 (D. Hawaii, Aug. 8, 2012) (granting sealing in FLSA claim); *Banales v. AutoClaims Direct, Inc.*, No. 3:11-CV-02914, 2012 WL 13175955, at *1 n.1 (S.D. Cal. Dec. 20, 2012) (same); *Trinh v. JP Morgan Chase & Co.*, 2009 WL 532556 (S.D. Cal. March 3, 2009) (same). Undersigned was unable to locate any Ninth Circuit cases directly addressing the more limited request for minimal redaction to a publicly filed FLSA settlement agreement, but numerous sister courts in other circuits around the country have granted limited redaction requests in FLSA collective actions. *See Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 969-70 (E.D. Mich. 2021) (allowing the settlement amount to be redacted in FLSA collective action because it balanced the public's interest in disclosure and the parties' interest in confidentiality); *Suda v. Sushiden Corp.*, No. 10 Civ. 5692, 2011 WL 1210206 (S.D.N.Y. Mar. 23, 2011) (same); *Roach v. AutoAssure, LLC*, Case No. 4:23-cv-00484, 2023 WL 8185069 (E.D. Mo. Nov. 27, 2023) (same); *Day v. Razban Ents.*, W.D. Tenn. No. 1:19-cv-01170-STA-jay, 2019 U.S. Dist. LEXIS 219084 (Dec. 20, 2019) (same); *Scobey v. GM, Ltd. Liab. Co.*, E.D. Mich. No. 20-12098, 2021 U.S. Dist. LEXIS 207917, at *16 (Oct. 28, 2021) (same, ruling "the settlement amount will be redacted from the publicly filed agreement, but the unredacted agreement will be made available to Potential Plaintiffs who contact the Settlement Administrator"); *Hardesty, et al. v. Kroger Co.*, 1:16-cv-00298-MWM (June 30, 2022 Notation Order) (granting approval to file settlement agreement "with minimal redactions to confidential settlement payments, personal wage information, and declarations regarding fees and expenses.")

7.      To be clear, Smith's is not seeking to file the settlement agreement under seal. Rather, Smith's is seeking permission to redact only the financial terms of the settlement agreement, consistent

MOTION FOR LEAVE TO FILE REDACTED VERSION OF SETTLEMENT AGREEMENT

1
2
3   with the *Lovendahl* case and other decisions considering similar requests for minimal redactions.
4   Complete, unredacted copies of the settlement agreement would still be sent to any Class Members
5   requesting copies from the Settlement Administrator.
6                                    Respectfully submitted,
7   Dated:  August 11, 2025                          **COZEN O'CONNOR**
8                                    By:    */s/ Aaron Holt*
9                                           JACOB M. RUBINSTEIN
                                            *Admitted Pro Hac Vice*
10                                          AARON HOLT
                                            *Admitted Pro Hac Vice*
11                                          JONATHAN A. RICH
                                            Nevada Bar No. 15312
12                                          1180 North Town Center Drive, Suite 260
                                            Las Vegas, NV  89144
13                                          Telephone: (702) 470-2330
                                            jrubinstein@cozen.com
14                                          aholt@cozen.com
                                            jarich@cozen.com
15                                          *Attorneys for Defendant Smith's Food & Drug*
16                                          *Centers, Inc.*
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF CONFERENCE**

I certify that counsel for Smith's conferred with opposing counsel regarding their position on the relief sought in this Motion on or about July 10, 21, 24, and 31, 2025, and they neither support nor oppose the Motion.

/s/ Aaron Holt
Counsel for Defendant *Smith's Food & Drug Centers, Inc.*

MOTION FOR LEAVE TO FILE REDACTED VERSION OF SETTLEMENT AGREEMENT

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of COZEN O'CONNOR, and that on August 11, 2025, I served a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE REDACTED VERSION OF SETTLEMENT AGREEMENT**

as follows:

☐     by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒     via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

Joshua D. Buck, Esq.
Leah L. Jones, Esq.
THIERMAN BUCK
325 West Liberty Street
Reno, Nevada 89501
leah@thiermanbuck.com
josh@thiermanbuck.com
Attorneys *for Plaintiff*

*/s/ Aaron Holt*
An Employee of Cozen O'Connor

79219930\6