UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN DEMPSEY, on behalf of himself and all other similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 3:24-cv-00269-ART-CSD<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE REDACTED VERSION OF SETTLEMENT AGREEMENT (ECF NO. 49) |

    Brian Dempsey, an Assistant Store Manager at Smith's Food and Drug Centers, Inc., sues on behalf of himself and similarly situated and typical persons to recover overtime wages under the Fair Labor Standards Act ("FLSA") and state statutory law. (ECF No. 1.) The parties have reached a settlement agreement, which Smith's has moved to redact before filing it on the Court's public docket. (ECF No. 49.) Smith's motion is DENIED with leave to amend.

    Smith's does not explain its reasons for seeking leave to redact the settlement agreement. (*Id.*) Instead, it justifies its request to redact by gesturing to decisions in other circuits granting limited redaction requests in FLSA collective actions. (*Id.*) Smith's also proposes that redactions would be limited to financial terms, such as the total settlement amount, attorney's fees and costs, service awards to named plaintiffs, and the total amount of the settlement shares. (ECF Nos. 49, 50-3.) Class members seeking more information on the terms of the agreement could request the unredacted version from the Settlement Administrator. (ECF No. 49.)

    Where movants do not present any compelling reason for keeping the terms of settlement agreements private, courts within the Ninth Circuit must deny requests to redact. Courts in this circuit start with a "strong presumption in favor

of access" unless a particular record is one "traditionally kept secret." *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006) (citing *Foltz v. State Farm Mutual Auto. Insurance Company,* 331 F.3d 1122, 1135 (9th Cir. 2003); *see, e.g., Smith v. Golden Gate LLC,* No. 1:13–cv–01319–AWI–MJS, 2015 WL 2340231 (E.D. Cal. May 13, 2015) [hereinafter *Golden Gate*] (applying *Kamakana* standard to requests to redact); *Johnson v. Bank of America,* No. CV-16-04410-PHX-JJT, 2017 WL 9988653 (D. Az. May 30, 2017) (same). The strong presumption in favor of access applies to FLSA settlement agreements. *Duran v. Hershey Co.,* No. 14-cv-01184-RS, 2015 WL 4945931 at *1 (N.D. Cal. Aug. 10, 2015). A party seeking to overcome the presumption bears the burden to show "compelling reasons," supported by specific facts, that outweigh public policies favoring disclosure and the tradition of access. *Kamakana,* 447 F.3d at 1178. In FLSA cases, these reasons must also be compelling enough to overcome the public's independent interest assuring that employees' wages are fair. *Duran,* 2015 WL 4945931 at *1. Movants reasons may be compelling where "court files might ... become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Golden Gate,* 2015 WL 2340231 at *1 (quoting *Kamakana,* 447 F.3d at 1179.) However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana,* 447 F.3d at 1179 (citing *Foltz,* 331 F.3d at 1136). In other words, a movant's fear of copy-cat lawsuits is not sufficient to overcome the presumption in favor of access. *Duran,* 2015 WL 4945931 at *2.

Smith's has not met its burden to bring specific facts overcoming the strong presumption in favor of access. Its motion does not allege what the consequences of publicly releasing the financial terms of the settlement agreement may be. (ECF No. 49.) Because this circuit's rules regarding public access are relatively clear,

Smith's references to out-of-circuit decisions are not persuasive.

**CONCLUSION**

It is ORDERED that Defendant's Motion for Leave to File Redacted Version of Settlement Agreement (ECF No. 49) is DENIED without prejudice and with leave to amend.

It is further ORDERED that the parties have until November 11th, 2025 to file their unredacted versions of their Motion for Preliminary Approval and Exhibits on this Court's public docket, unless Defendant renews its motion before that time.

Dated this 28th day of October, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE